IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

RONALD COLEMAN-WARD

    Plaintiff,

v.   No. 1:22-cv-01211-STA-jay

RANDALL BOWDEN,
and
KEVIN WAGLER,

    Defendants.

## REPORT AND RECOMMENDATION

Before the Court are Motions to Dismiss filed by Defendant Bowden (ECF No. 16) and by Defendant Wagler. ECF No. 19. Plaintiff has failed to respond to these Motions. As an additional matter, Plaintiff styled his Complaint as including a "Contemporaneous Motion for Summary Judgment" which will also be addressed in this Report. ECF No. 1. For the following reasons, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED, and Plaintiff's "Contemporaneous Motion for Summary Judgment" be DENIED.

### BACKGROUND

#### Factual Background[1]

In February 2021, Plaintiff and Defendant Bowden entered into a five-year lease ("the Lease"). ECF No. 1; Lease, ECF No. 1-1. Under the Lease, Plaintiff leased approximately 51.3

---

[1] Because the Court "accepts all factual allegations as true," the undersigned looks to the allegations of Plaintiff's Complaint and the documents he attached thereto in providing this factual background. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

acres located at 6210 Hwy 140 Cottage Grove, TN ("6210 Property") and 3575 Lampkins Rd. Cottage Grove, TN ("3575 Property") in exchange for a monthly payment of $2,500. *Id*. The 6210 Property is approximately 42 acres, and the 3575 Property is approximately 9 acres. ECF No. 1. Under the Lease, Plaintiff had a right to purchase the 6210 Property and the 3575 Property for $330,000 at any point during the Lease or at the conclusion of the Lease. ECF No. 1-1.

Pursuant to the warranty deed, in April 2022, Defendant Bowden sold the 3575 Property to Defendant Wagler. ECF No. 1; Warranty Deed, ECF No. 1-1. Plaintiff alleges that, after Defendant Bowden sold the 3575 Property to Defendant Wagler, Defendant Bowden refused Plaintiff's rent payments.[2] Defendant Bowden also at some point told Plaintiff that he planned to sell the 6210 Property. ECF No. 1.

On September 29, 2022, Plaintiff filed a lawsuit against Defendant Bowden in Henry County Chancery Court, styled *Ronald Dwight Coleman a/k/a Ronald Dwight Coleman-Ward v. Randall Bowden*, Henry County Chancery Court No. 25462. Chancery Complaint, ECF No. 16-1. Plaintiff relied upon the Lease and Defendant Bowden's sale of the 3575 Property to Defendant Wagler as the basis for his causes of action against Defendant Bowden. In the Chancery Lawsuit, Plaintiff requested an injunction prohibiting Defendant Bowden from interfering with Plaintiff's right to possess the 3575 Property and a declaration that Plaintiff "has both the right to possess and the option to purchase" the 3575 Property "during the term set forth in the" Lease. Chancery Complaint, at ¶¶ 3 and 5, ECF No. 16-1. As will be discussed *infra*, Plaintiff filed the instant lawsuit the day after the Chancery Lawsuit was filed, on September 30, 2022.

---

[2] Defendant Wagler notes that in contravention of Plaintiff's claim of refusal of payment, the cancelled checks Plaintiff attached to the Complaint show that Plaintiff paid Defendant Bowden on May 31, 2022, June 30, 2022, and August 1, 2022—all of which occurred after Defendant Bowden sold the 3575 Property in April 2022. ECF No. 1; Cancelled Checks, ECF No. 1-1, ECF No. 19-1.

2

Plaintiff and Defendant Bowden settled the Chancery Lawsuit. Settlement Agreement, ECF No. 16-3. In the settlement agreement, Defendant Bowden and Plaintiff agreed to give Plaintiff the right to purchase only the 6210 Property for $200,000 by December 31, 2022, and in exchange Plaintiff forever released his claims, known and unknown, arising out of the Chancery Lawsuit. *Id*. If Plaintiff did not complete the purchase of the 6210 Property by December 31, 2022, then the Chancery Lawsuit was to be "promptly dismissed, with prejudice," and Plaintiff would "voluntarily vacate the Property by January 31, 2023, after which Defendant Bowden [wa]s free to lease or sell the Property to any person of his choosing." Settlement Agreement, ECF No. 16-3. The parties omitted the 3575 Property from Plaintiff's right to purchase or possess. *Id*.

On February 15, 2023, the Henry County Chancery Court dismissed the Chancery Lawsuit "with prejudice" due to the parties' settlement. Chancery Order of Dismissal, ECF No. 16-2. In the order, the Chancery Court explicitly decreed that, "with the consent of the parties, this Order constitutes a final disposition of this case, any pending claims or issues not otherwise addressed herein are denied and dismissed." *Id*. Plaintiff, through his attorney, approved the order of dismissal for entry. *Id*. After the settlement and dismissal of the Chancery Lawsuit, Defendant Bowden and Plaintiff recorded with the Henry County Register of Deeds a Termination of Lease in which they formally terminated the Lease "to serve as notice to all Parties and the world that the Lease is terminated by agreement of the parties hereto." ECF No. 19-1, Exhibit 1.

Procedural Background

Plaintiff filed his pro se Complaint in this Court on September 30, 2022. ECF No. 1. Due to Plaintiff's status changing from that of a pauper to that of a non-pauper, the Clerk did not issue summons until May 31, 2023. ECF No. 10. Summons was Returned Executed on June 28, 2023. ECF No. 11.

On July 3, 2023, Defendant Randall Bowden filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim and for lack of jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure. ECF No. 16. On July 18, 2023, Plaintiff filed a Motion requesting that his deadline to respond to the Motion to Dismiss be extended by 30 days, which the undersigned granted. ECF Nos. 17, 18. The extended deadline to respond was August 18, 2023, which Plaintiff failed to meet, nor has Plaintiff responded since that time.

Additionally, on August 2, 2023, Defendant Kevin Wagler filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12, claiming res judicata and the settlement agreement preclude this action. ECF No. 19 at 5-11. On August 22, 2023, Plaintiff filed a Motion requesting that his deadline to respond to the Motion to Dismiss be extended by 30 days. ECF No. 23. This request for an extension was granted by the undersigned, giving Plaintiff until September 21, 2023, to file his response. ECF No. 24. Plaintiff has failed to file a response.

## DEFENDANTS' MOTIONS TO DISMISS

## LAW AND ANALYSIS

*Standard of Review*

Although he is pro se and receives a liberal construction, Plaintiff must allege sufficient factual content to plausibly state a claim because the Court "may not fill in missing allegations." *Lucas v. Chalk*, 785 Fed. App'x 288, 290 (6th Cir. 2019). As the Sixth Circuit has declared, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011).

On a Rule 12 motion to dismiss, the Court's analysis is generally limited to the contents of the complaint, and if outside matters are considered, the Court ordinarily converts the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d) (2022). However, courts can

4

consider public records without converting the motion to dismiss into a motion for summary judgment. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001); *Commercial Money Ctr., Inc. v. Ill Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). Thus, because they are matters of public record, the Court can consider the warranty deed, verified complaint, order of dismissal, and termination of lease at the motion to dismiss stage. *See e.g., Fox v. America's Serv. Co.*, 2015 U.S. Dist. LEXIS 157742, at *2 (W.D. Tenn. Nov. 23, 2015); *Taylor v. Neff*, 2021 U.S. Dist. LEXIS 241241, at *5 (W.D. Ky. Dec. 17, 2021).

Additionally, courts have considered settlement agreements at the motion to dismiss stage without converting the motion into a motion for summary judgment. *See e.g., JNJ Logistics, LLC v. Scottsdale Ins. Co.*, 2016 U.S. Dist. LEXIS 24330, at *17-18 (W.D. Tenn. Feb. 29, 2016) (considering settlement agreement without converting to motion for summary judgment); *Pinnacle Sur. Servs. v. Manion Stigger*, LLP, 2018 U.S. Dist. LEXIS 51269, at *7 (W.D. Ky. Mar. 27, 2018) ( Because "settlement agreements are documents of which a court may take judicial notice in order to determine whether future claims are barred by a previous settlement," the court took judicial notice of the settlement agreement); *Luckett v. Sprint Communs., Inc.*, 2017 U.S. Dist. LEXIS 69730, *3 n.1 (W.D. Ky. May 8, 2017) (considering release agreement at motion to dismiss stage).

### *Res Judicata*

"The doctrine of res judicata, also referred to as claim preclusion, bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009).[3] This doctrine's "primary purposes . . . are to promote finality in litigation,

---

[3] Because this involves enforcement of a prior state judgment, the Court applies Tennessee's res judicata principles. *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 Fed. App'x 485, 488 (6th Cir. 2014); *Dietrich v. Stephens*, 252 Fed. App'x 12, 14 (6th Cir. 2007).

prevent inconsistent or contradictory judgment, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Id*. "A party asserting the defense of res judicata must show: (1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." *Edwards v. City of Memphis*, 2009 Tenn. App. LEXIS 486, at *8 (Tenn. Ct. App. July 27, 2009).

Here, the undersigned recommends a finding that res judicata bars the instant action as to both Defendants. The first element is satisfied, as the Henry County Chancery Court, a court of competent jurisdiction, rendered the prior final judgment of dismissal. Order of Dismissal, ECF No. 16-2; *see e.g., State ex rel. Johnson v. Gwyn*, 2015 Tenn. App. LEXIS 903, at *21 (finding final proceedings by Knox County Criminal Court to be rendered by a court of competent jurisdiction). The second element has been met as well, as the judgment in the Chancery Lawsuit was final and on the merits. *See Merwin v. Davis*, 2017 Tenn. App. LEXIS 162, at *11-12 (Tenn. Ct. App. Mar. 9, 2017) ("any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party operates as an adjudication upon the merits, unless the trial court specifies otherwise in its order for dismissal.) (internal citations omitted). As Defendant Wagler notes, pursuant to the Chancery Lawsuit order, "all issues in this civil action have been resolved by way of compromise," the parties jointly requested a dismissal on the merits, and the Chancery Court dismissed the case with prejudice. The Chancery Court's order further stated: "It is further ORDERED, ADJUDGED and DECREED, with the consent of the parties, this Order constitutes a final disposition of this case, any pending claims or issues not otherwise addressed herein are denied and dismissed." Order of Dismissal, ECF No. 16-2.

Defendant Bowden is the same party in both proceedings and so clearly meets the third

6

element of res judicata. Defendant Wagler was not a party to that suit, but does meet the privity requirement. "[T]he concept of privity involves an examination of the parties' relationship to the subject matter of the litigation . . ." *State ex rel. Johnson v. Gwyn*, 2015 Tenn. App. LEXIS 903, at *19-20 (Tenn. Ct. App. Nov. 10, 2015). "Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000). Accordingly, "privity is not established by parties being legally connected, either by contract, blood, or some other means, but rather whether they can claim the same legal rights asserted to the subject matter." *Gwyn*, 2015 Tenn. App. LEXIS 903, at *20.

While not a named party in the Chancery Lawsuit, Defendant Wagler correctly asserts that he has privity because the Chancery Lawsuit concerned the rights of the 3575 Property that Defendant Wagler purchased and still owns, and the present case involves the right of ownership of the 3575 Property. Plaintiff and Defendant Wagler have a mutual interest in the 3575 Property: Defendant Wagler owns the 3575 Property, and Plaintiff has asserted a right to possession and to purchase the 3575 Property. Warranty Deed, ECF No. 1-1; Chancery Complaint, ECF No. 16-1. *See e.g., Goza v. SunTrust Bank*, 2015 Tenn. App. LEXIS 581, at *16-17 (Tenn. Ct. App. July 22, 2015) (concluding that privity met because parties all had mutual interest in the lawsuit's subject matter—a trust and its assets).

The fourth element is that both proceedings involved the same cause of action. Two cases "shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Creech v. Addington*, 281 S.W.3d 363, 381 (Tenn. 2009). The two cases here are the same cause of action because they both arise out of the same transactions – the lease of the 6210 Property and 3575 Property between Plaintiff and Defendant Bowden and Defendant Bowden's sale of the 3575 Property to Defendant Wagler.

Defendant Wagler notes that the lawsuits include the same main breach of contract cause of action, the facts are the same, Plaintiff relies on the same documents in both lawsuits, and that Plaintiff seeks to clarify his right to possess and purchase the 3575 Property in both lawsuits. Plaintiff could have raised his causes of action against Defendant Wagler in the Chancery Lawsuit, which is sufficient to establish the fourth element for him as well. *See e.g., Gwyn*, 2015 Tenn. App. LEXIS 903, at *22-23 ("res judicata applies not only to those issues that were raised previously, but those that could have been raised. Even if Plaintiffs purport to offer alternative grounds for relief in the present appeal, we see no reason why Plaintiffs' full range of issues arising from their claims . . . could not have been aired in the Knox County Criminal Court case."); *Estate of Miller v. Rice*, 2012 Tenn. App. LEXIS 589, at *6-7 (Tenn. Ct. App. Aug. 24, 2012) (holding that res judicata doctrine barred claims in second suit that could have been raised in first suit); *see also Fentress v. Tenn. Dep't. of Corr.*, 2019 WL 1331016, quoting *Hamilton v. State Farm Fire & Cas. Co.*, 127 F.3d 1102, 1103 (6th Cir. 1997) ("The fact that the Plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action.").

*Settlement Agreement*

In the alternative, because Plaintiff executed a settlement agreement with Defendant Bowden, the Court must enforce the settlement agreement, barring Plaintiff's current claims against both Defendants. In Tennessee, a court "must enforce a settlement agreement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Moffett v. Carman*, 1995 Tenn. App. LEXIS 353, at *10 (Tenn. Ct. App. May 26, 1995). *See also, Wizinsky*, 2023 U.S. App. LEXIS 9948, at *6 ("The release contained within the settlement agreement covers the HOA and

8

Township defendants and their attorneys and bars the Wizinsky's claims against them); *Hood v. Brennan*, 2015 U.S. Dist. LEXIS 89631, at *10-12, *15, and *17-18 (W.D. Mich. July 10, 2015) (dismissing claims that were released in a prior settlement agreement); *see also Sharp v. Worthington City Sch. Dist. Bd. of Educ.*, 2008 U.S. Dist. LEXIS 86904, at *4-11 (S.D. Ohio Oct. 27, 2008).

The settlement agreement in the Chancery Lawsuit "forever resolve[d]" the dispute, expressly including known and unknown claims. The parties agreed that in exchange for his release of all claims regarding the properties, Plaintiff had the right to purchase the remaining approximately 42 acres of the 6210 Property by December 31, 2022, for $200,000. It is clear that the settlement agreement bars Plaintiff's claims against Defendant Bowden.

While Defendant Wagler was not a party to the settlement agreement, "third parties may enforce a contract if they are intended beneficiaries of the contract." *State ex rel. Appaloosa Bay, LLC v. Johnson Cnty.*, 2017 Tenn. App. LEXIS 393, at *12 (Tenn. Ct. App. June 9, 2017). "In order to maintain an action as an intended beneficiary, a third party must show: (1) a valid contract made upon sufficient consideration between the principal parties and (2) the clear intent to have the contract operate for the benefit of a third party." *Id*. at *12-13.

Defendant Wagler argues that he is a third-party beneficiary of the settlement agreement. The Magistrate Judge agrees. First, the settlement agreement is a valid contract made upon sufficient consideration. As consideration for dismissing his claims, Plaintiff received the right to purchase the 6210 Property and the right to possess the 6210 Property without paying any rent during October, November, and December 2022. Settlement Agreement, ECF No. 16-3. And rather than challenging the validity of the settlement agreement, Plaintiff, through his attorney, approved the order of dismissal that represented that the parties had settled the dispute. Order of

9

Dismissal, ECF No. 16-2. Thus, the first element is satisfied.

Second, the settlement agreement has a clear intent to operate as a benefit to Defendant Wagler. In the Chancery Lawsuit, Plaintiff was seeking, among other things, a declaration of his "right to possess and the option to purchase" the 3575 Property. Chancery Complaint at ¶ 6 and ¶ 5 of prayer for relief, ECF No. 16-1. In settling the dispute, Plaintiff agreed to accept a right to purchase only the 6210 Property; thus, Defendants maintain, the parties exempted the 3575 Property from Plaintiff's right to purchase and left the 3575 Property in Defendant Wagler's ownership. Settlement Agreement, ECF No. 16-3. The settlement agreement thus resolved Plaintiff's right with respect to the 3575 Property because under its terms, Plaintiff has no right to possess or purchase the 3575 Property. Therefore, by omitting the 3575 Property from Plaintiff's right to purchase or possess, the settlement agreement operated as a benefit to Defendant Wagler. Thus, Defendant Wagler is a third-party intended beneficiary under the settlement agreement. Plaintiff settled his claims related to the Lease and the sale of 3575 to Defendant Wagler, and as a condition of that settlement, Plaintiff forever released all known and unknown claims. Settlement Agreement, ECF No. 16-3. Accordingly, because Plaintiff executed a settlement agreement with Defendant Bowden, and because Defendant Wagler was a third-party beneficiary to the settlement agreement, the Court must enforce the settlement agreement, barring Plaintiff's current claims against both Defendants.

In sum, Plaintiff previously entered into a settlement agreement based on the factual dispute giving rise to this lawsuit, which omitted his right to the 3575 Property as a term of the settlement. Because he has resolved his claims—both known and unknown—related to this lawsuit, the Magistrate Judge recommends that the settlement agreement be enforced and grant both Defendants' Motions to Dismiss.

**PLAINTIFF'S "MOTION FOR SUMMARY JUDGMENT"**

Plaintiff styled his Complaint as including a "contemporaneous motion for summary judgment." ECF No. 1. Federal Rule of Civil Procedure 56(a) requires a party moving for summary judgment to identify "each claim or defense—or the part of each claim or defense—on which summary judgment is sought" and "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Plaintiff has failed to establish that he is entitled to judgment as a matter of law.

Plaintiff failed to file any actual Motion for Summary Judgment. Plaintiff does attach to his Complaint a statement of undisputed facts "in support of his motion for Summary Judgment." ECF No. 1-2. Plaintiff has not only failed to file a Motion for Summary Judgment, but the pleading he filed includes no argument as to why he is entitled to judgment as a matter of law. As "[t]he party seeking summary judgment," Plaintiff "bears the initial burden of explaining the basis of [his] motion." *Chowning v. Hardin Cnty.*, 2022 U.S. Dist. LEXIS 178731, at *6 (W.D. Ky. Sept. 30, 2022). Providing no argument, Plaintiff apparently relies upon the allegations of his Complaint, but that is insufficient, as a complaint is a fundamentally different pleading than a motion for summary judgment. The Sixth Circuit has remarked, "[d]istrict courts read motions, not minds, and nothing requires them to distill any possible argument which could be made based on the materials before them." *Siler v. Webber*, 443 F. App'x 50, 58 (6th Cir. 2011); *see also Williams v. E.I. DuPont de Nemours & Co.,* 2016 U.S. Dist. LEXIS 132969, at *3-4 (W.D. Tenn. Sept. 28, 2016) ("Plaintiff's Motion for Summary Judgment fails under both Rule 7(b) and Rule 56(a). Plaintiff never cites case law or legal tests applicable to her specific causes of action, never applies the law to the facts of her case, never proposes any conclusions of law to be drawn from a correct application of the law to the undisputed facts, and never argues why she is actually entitled to

11

judgment as a matter of law."). Because Plaintiff's "Motion" fails to show the reasons he is entitled to judgment as a matter of law, Plaintiff's Motion for Summary Judgment should be denied.

## CONCLUSION

For all these reasons, the undersigned recommends that Defendants' Motions to Dismiss be GRANTED, and Plaintiff's "Contemporaneous Motion for Summary Judgment" be DENIED.

Respectfully submitted on this 24th day of October, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**